1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL J. HIX,                              No.  2:15-cv-2187 AC P

12                    Plaintiff,

13           v.                                   ORDER

14   AMADOR COUNTY JAIL,

15                    Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has

19   consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28

20   U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

21          I.       Application to Proceed In Forma Pauperis

22          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a).  ECF No. 12.  Accordingly, the request to proceed in forma pauperis will be granted.

24   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4    1915(b)(2).

5           II.     Motions for Court Order

6           Plaintiff filed a motion for a court order directing the Amador County Jail to complete

7    plaintiff's IFP certification and provide plaintiff with a certified copy of his trust account.  See

8    ECF No. 8 at 1-2.  As plaintiff thereafter submitted a completed application to proceed in forma

9    pauperis, ECF No. 12, plaintiff's request is moot and will be denied.

10          Plaintiff also filed a motion requesting a court order directing Amador County Jail staff to

11   provide plaintiff with "copies of motions and other documents. . .  pertaining to this lawsuit."

12   ECF No. 9 at 1.  As plaintiff is no longer housed at the Amador County Jail, see ECF Nos. 10 &

13   13, plaintiff's request will be denied as moot.

14          III.    Statutory Screening of Prisoner Complaints

15          The court is required to screen complaints brought by prisoners seeking relief against a

16   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

17   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

18   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

19   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

20          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

21   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

22   Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

23   meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

24   885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

25   on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

26   U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

27   has an arguable legal and factual basis.  Id.

28   ////

2

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

IV.     Allegations of the Complaint

The complaint alleges that from August 30, 2015 through September 10, 2015, plaintiff was "unjustly put in ad-seg in the Amador County Jail then deprived of [the] minimum 3 hours of yard time that Title 15 states [he] was allowed. Only getting an hour and a half [sic] and it was done deliberately." ECF No. 1 at 2. Although the first page of the complaint names Amador County Jail as the defendant, plaintiff goes on to list Lt. Vickie Stephens as the individual who caused the alleged injury. See id. at 2.

////

3

1  Based on his allegation that the loss of yard time caused "unnecessary emotional distress

2  to [his] marriage and also [to plaintiff]," plaintiff seeks $50,000 in damages for emotional pain

3  and suffering and "strain on [his] marriage." See id. at 1-2.  Plaintiff's grievance concerning the

4  loss of yard time, and the first, second, and third level responses to plaintiff's grievance, are

5  attached as exhibits to the complaint.  Id. at 3-6.  The third level response to plaintiff's grievance

6  was issued by Lt. Vickie Stephens on September 15, 2015, after plaintiff was transferred to Deuel

7  Vocational Institution (DVI).  See id. at 4.

8    V.    Failure to State a Claim

9        A.  Eighth Amendment

10  Based on the allegations of the complaint and the attached exhibits, it appears that plaintiff

11  intends to allege a violation of his rights under the Eighth Amendment based on insufficient

12  access to outdoor exercise.  "To prevail on a 'conditions of confinement' claim, a plaintiff must

13  show serious deprivation and deliberate indifference."  May v. Baldwin, 109 F.3d 557, 565 (9th

14  Cir. 1997).  "Although exercise is one of the basic human necessities protected by the Eighth

15  Amendment, a temporary denial of outdoor exercise with no medical effects is not a substantial

16  deprivation."  Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010) (internal quotations and

17  citations omitted).  See also May, 109 F.3d at 565 (denial of outdoor exercise for 22 days was

18  temporary and insufficient to state a claim absent adverse medical effect); Lopez v. Smith, 203

19  F.3d 1122, 1133 (9th Cir. 2000) ("[T]he clear implication of May is that temporary denials of

20  outdoor exercise must have adverse medical effects to meet the Eight Amendment test, while

21  long-term deprivations are substantial regardless of effects.").  Furthermore, the Ninth Circuit has

22  recognized that prison officials may restrict outdoor exercise based on "inclement weather,

23  unusual circumstances, or disciplinary needs[.]"  Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.

24  1979)

25  Liberally construed, plaintiff's complaint alleges that he received only one and one half

26  hours of yard time for the 12-day period spanning August 30, 2015 through September 10, 2015.

27  Under the law of this circuit, a 12-day denial of outdoor exercise constitutes a temporary, not

28  long-term, deprivation.  See May, 109 F.3d at 565 (denial of outdoor exercise for 22 days was a

4

1  temporary deprivation).  Because plaintiff alleges only a temporary deprivation of outdoor

2  exercise, plaintiff's claim may not proceed unless plaintiff also alleges that he suffered some

3  adverse medical effects as a result of the deprivation.  Here, plaintiff alleges only that he suffered

4  emotional distress and strain on his marriage.  Because plaintiff does not allege that he suffered

5  any adverse *medical* effects as a result of the temporary denial of outdoor exercise, plaintiff's

6  claim must be dismissed.  However, plaintiff will be granted leave to amend.

7                                    B.  Lt. Stephens as a Defendant

8          Although it is not entirely clear, it appears from the complaint and attached exhibits that

9  plaintiff may have named Lt. Stephens as a defendant solely based on her supervisory position

10  and/or her response to plaintiff's grievance at the third level of review.

11          Plaintiff is advised that the Civil Rights Act under which this action was filed provides as

12  follows:

13              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
14              deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
15              law, suit in equity, or other proper proceedings for redress.

16  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

17  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

18  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

19  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

20  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

21  omits to perform an act which he is legally required to do that causes the deprivation of which

22  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

24  their employees under a theory of *respondeat superior* and, therefore, when a named defendant

25  holds a supervisorial position, the causal link between him and the claimed constitutional

26  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

27  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague

28  and conclusory allegations concerning the involvement of official personnel in civil rights

                                                  5

1    violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2         Here, the complaint contains no allegations that Lt. Stephens *caused* plaintiff's loss of

3    access to outdoor exercise, and plaintiff's exhibits indicate only that Lt. Stephens responded to

4    plaintiff's grievance at the third level of review, after plaintiff had been transferred to DVI.

5    Accordingly, plaintiff has failed to allege a sufficient causal connection between Lt. Stephens'

6    actions and the alleged violation of plaintiff's rights.  If plaintiff chooses to file an amended

7    complaint, plaintiff should clearly explain what Lt. Stephens did and how Lt. Stephens' actions

8    violated plaintiff's constitutional rights.

9                        C.  Amador County Jail as a Defendant

10        A local government unit may not be held responsible for the acts of its employees under a

11   *respondeat superior* theory of liability.  Monell v. Department of Social Services, 436 U.S. 658,

12   691 (1978).  Rather, a local government unit may only be held liable if it inflicts the injury

13   complained of through a policy or custom.  Waggy v. Spokane County Washington, 594 F.3d

14   707, 713 (9th Cir. 2010).

15        Based on plaintiff's allegations, the Amador County Jail does not appear to be a proper

16   defendant in this action.  If plaintiff chooses to file an amended complaint, plaintiff should

17   consider who he believes denied him adequate access to outdoor exercise while he was

18   incarcerated in the Amador County Jail.  Plaintiff should attempt to identify these individuals in

19   his amended complaint, and should explain in specific terms what each named individual did that

20   directly deprived plaintiff of his constitutional rights.

21             VI.    Leave to Amend

22        If plaintiff chooses to file a first amended complaint, he must demonstrate how the

23   conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

24   v. Goode, 423 U.S. at 370-71.  Also, the complaint must allege in specific terms how each named

25   defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

26   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

27   connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

28   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

                                             6

1    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

2    268 (9th Cir. 1982) (citations omitted).

3         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

4    his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

5    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

6    amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

7    1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims

8    dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

9    amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the

10   original complaint no longer serves any function in the case.  Therefore, in an amended

11   complaint, as in an original complaint, each claim and the involvement of each defendant must be

12   sufficiently alleged.

13        VII.   Summary

14        Plaintiff's request to proceed in forma pauperis is granted.

15        Plaintiff's request for a court order directing the Amador County Jail to complete

16   plaintiff's IFP application is denied as moot because plaintiff has now filed a completed IFP

17   application.

18        Plaintiff's request for a court order requiring the Amador County Jail to provide plaintiff

19   with copies is denied as moot because plaintiff is no longer housed at the Amador County Jail.

20        The complaint is dismissed with leave to amend because the facts plaintiff has alleged are

21   not enough to state a claim for relief.  In order to state an Eighth Amendment claim based on a

22   temporary denial of outdoor exercise, plaintiff must allege facts showing that he suffered some

23   medical effect as a result of the denial of exercise.  Plaintiff must also explain how each named

24   defendant caused the alleged violation of plaintiff's constitutional rights.

25        If plaintiff chooses to amend his complaint, the first amended complaint must include all

26   of the claims plaintiff wants to make because the court will not look at the claims or information

27   in the original complaint.  In other words, any claims not in the first amended complaint will not

28   be considered.

7

1    VIII.   Conclusion

2         In accordance with the above, IT IS HEREBY ORDERED that:

3         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 12) is granted.

4         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

5    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

6    1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

7    Director of the California Department of Corrections and Rehabilitation filed concurrently

8    herewith.

9         3. Plaintiff's motion for a court order directing Amador County Jail to complete plaintiff's

10   IFP application (ECF No. 8) is denied as moot.

11        4.  Plaintiff's motion for a court order directing Amador County Jail to provide copies of

12   plaintiff's documents (ECF No. 9) is denied as moot.

13        5.  Plaintiff's complaint is dismissed with leave to amend.

14        6.  Within thirty days from the date of service of this order, plaintiff may file an amended

15   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

16   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

17   number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

18   original and two copies of the amended complaint.  Failure to file an amended complaint in

19   accordance with this order will result in dismissal of this action.

20        7.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

21   form used in this district.

22   DATED: September 29, 2016

23

24                                        ALLISON CLAIRE
                                          UNITED STATES MAGISTRATE JUDGE
25

26

27

28

8